IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SUMITOMO PHARMA SWITZERLAND GMBH, SUMITOMO PHARMA AMERICA, INC., SUMITOMO PHARMA CO., LTD., TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and PFIZER INC. | ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) | C.A. No. 25-311 (MN) |
| v. | ) ) | (CONSOLIDATED) |
| APOTEX INC., APOTEX CORP., BDR PHARMACEUTICALS INTERNATIONAL PVT. LTD., and BDR LIFESCIENCES PVT. LTD. | ) ) ) ) ) |  |
| Defendants. | ) |  |
| SUMITOMO PHARMA SWITZERLAND GMBH, SUMITOMO PHARMA AMERICA, INC., SUMITOMO PHARMA CO., LTD., TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and PFIZER INC. | ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| ANNORA PHARMA PRIVATE LIMITED, HETERO LABS LIMITED, and HETERO USA, INC., | ) ) ) ) | C.A. No. 25-380 (MN) |
| Defendants. | ) ) ) |  |

**SCHEDULING ORDER**

This __15th__ day of __September, 2025, the__ Court having conducted an initial

Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having

determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.      Consolidation.  As ordered in the Stipulation and Order to Consolidate (D.I. 60, *Sumitomo Pharma Switzerland GmbH et al. v. Apotex Inc. et al.*, C.A. No. 25-cv-311-MN), the actions captioned *Sumitomo Pharma Switzerland GmbH et al. v. Apotex Inc. et al.*, C.A. No. 25-cv-311-MN; *Sumitomo Pharma Switzerland GmbH et al. v. Cipla Limited et al.*, C.A. No. 25-cv-312-MN; *Sumitomo Pharma Switzerland GmbH et al. v. Aizant Drug Research Solutions Private Limited*, C.A. No. 25-cv-343-MN; *Sumitomo Pharma Switzerland GmbH et al. v. Hetero Labs Limited et al.*, C.A. No. 25-cv-344-MN; *Sumitomo Pharma Switzerland GmbH et al. v. MSN Laboratories Private Limited et al.*, C.A. No. 25-cv-345-MN; and *Sumitomo Pharma Switzerland GmbH et al. v. Sandoz, Inc.*, C.A. No. 25-cv-970-MN   (the "Orgovyx Actions") have been consolidated for all purposes.

2.      Coordination.    The action captioned *Sumitomo Pharma Switzerland GmbH et al. v. Annora Pharma Private Limited et al.*, C.A. No. 25-cv-380-MN (the "Myfembree Action") shall be coordinated with the Orgovyx Actions for the purpose of discovery.  Unless otherwise specified, the dates set forth in this Order shall apply to both the Orgovyx and Myfembree Actions.

3.      Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.    Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) and to Paragraph 3 of Delaware's Default Standard for Discovery by no later than **September 11, 2025**.  Defendant Sandoz's Rule 26 and Paragraph 3 disclosures shall be due on October 14, 2025.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored

2

Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference. The parties may submit a further ESI Order that modifies the provisions in the Default Standard for Discovery. In addition, to date, the parties have agreed to the following:

(a)    By **August 22, 2025**, Plaintiffs shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

(b)    By **September 22, 2025**, each Defendant Group[1] shall produce to the Plaintiffs the core technical documents at issue, including, but not limited to, ANDAs and DMFs.

(c)    By **October 22, 2025**, Plaintiffs shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

(d)    By **November 21, 2025**, Defendants shall produce to the Plaintiffs their initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents). To the extent that a claim is asserted against multiple Defendant Groups and Defendant Groups share common prior art references and/or invalidity defenses with respect to the claim, Defendants will make their best efforts to produce joint invalidity contentions with respect to that claim.

4.    <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **January 15, 2026**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 9(h) and 10.

---

[1] As used herein, "Defendants" shall refer to all defendants in the Orgovyx and Myfembree Actions collectively. "Defendant Group" shall refer to the set of defendants in each particular action, respectively.

5.      Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **September 11, 2025**.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 9(h) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6.      Papers Filed Under Seal.   In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

7.      Courtesy Copies.  The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

8.      ADR Process.  This matter is **NOT** referred to a magistrate judge to explore the possibility of alternative dispute resolution.

9.    <u>Discovery.</u>  Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a)    <u>Coordination of Common Discovery</u>.  Where a patent is asserted against multiple Defendant Groups, in either the Orgovyx or Myfembree Actions, discovery relevant to that patent shall be considered Common Discovery and the Defendant Groups shall make their best efforts at coordinating discovery among themselves.  Where a patent is asserted against only one Defendant Group and/or where there are unique issues specific to a particular Defendant Group, discovery related to those individual issues shall be considered Non-Common Discovery.

(b)    <u>Fact Discovery Cut Off.</u>  All fact discovery in this case shall be initiated so that it will be completed on or before **April 30, 2026**.

(c)    <u>Document and Sample Production.</u>  Production of documents and samples shall be substantially complete by **December 18, 2025** for all requests for production served by **October 23, 2025**.  The parties shall act in good faith to produce documents and samples on a rolling basis prior to the substantial completion date.

(d)    <u>Requests for Admission.</u>  Plaintiffs may serve a maximum of 50 requests for admission on each Defendant Group.  Collectively, the Defendant Groups may serve a maximum of 35 requests for admission (i.e., requests for admission that are served on behalf of all Defendant Groups) on Common Discovery on Plaintiffs.  Each Defendant Group may serve up to 20 additional requests for admission on Non-Common Discovery to Plaintiffs.  In addition to this Non-Common Discovery, Defendant Groups in the Myfembree Action(s) may jointly serve an additional 20 Requests for Admission related to Myfembree-specific patents and issues.  The preceding limits on requests for admission are exclusive of requests for admission solely for the purpose of authenticating documents or establishing that documents are business records, subject

to any objections as to undue burden.  The parties shall meet and confer regarding the need for authentication Requests for Admission prior to serving such requests.

        (e)        <u>Interrogatories.</u>

        i.        Plaintiffs may serve a maximum of 25 common interrogatories (i.e., interrogatories that are concurrently served on all Defendants Groups), including contention interrogatories and including all discrete subparts, pertaining to Common Discovery on each Defendant Group, to which each Defendant Group will separately respond.  Plaintiffs may serve up to 10 additional Defendant Group-specific interrogatories (including contention interrogatories and including all discrete subparts) pertaining to Non-Common Discovery on each Defendant Group, to which only the served Defendant Group will respond.  In addition to this Non-Common Discovery, Plaintiffs may serve an additional 10 Interrogatories on Defendant Groups in the Myfembree Action(s) related to Myfembree-specific patents and issues.  Collectively, Defendant Groups may serve a maximum of 30 common interrogatories (i.e., interrogatories that are served on behalf of all Defendant Groups) relating to Common Discovery, including contention interrogatories and including all discrete subparts, on Plaintiffs.  Each Defendant Group may serve up to 10 additional interrogatories (including contention interrogatories and including all discrete subparts) pertaining to Non-Common Discovery on Plaintiffs.  In addition to this Non-Common Discovery, Defendant Groups in the Myfembree Action(s) may jointly serve an additional 10 Interrogatories related to Myfembree-specific patents and issues.  All interrogatories shall be labeled as "Common" or "Defendant" when served.  Interrogatories that address multiple patents shall not be deemed to contain subparts.

        ii.        The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention

interrogatories, if filed, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

        (f)      <u>Depositions.</u>

        i.      <u>Fact Deposition Limits.</u>  Unless otherwise agreed by the parties or ordered by the Court, with respect to oral and written discovery depositions of party and non-party fact witnesses (including depositions of Fed. R. Civ. P. 30(b)(6) witnesses), the Defendants as a group may take up to 95 hours of depositions of the Plaintiffs' witnesses on Common Discovery topics and the Plaintiffs may take up to 35 hours of depositions of Defendants' witnesses per Defendant Group.  A party's "witnesses," as used here, refers to officers, directors, current employees, former employees, and corporate affiliates.  Each Defendant Group may take up to 10 additional hours of depositions on Non-Common Discovery topics.  In addition to this Non-Common Discovery, Defendant Groups in the Myfembree Action(s) may take an additional 35 hours of depositions related to Myfembree-specific patents and issues.  By agreement of the parties, or on a showing of good cause, Defendant Groups in the Myfembree Action(s) may seek leave of Court for additional deposition hours on Myfembree-specific patents and issues.  In addition, depositions of a party's third-party contractual affiliates (e.g., suppliers, contractors, consultants, etc.) and other third parties shall also be charged against these limits.  There will be no depositions prior to the deadline for substantial completion of document production.  All fact depositions shall be limited to one day of seven hours unless otherwise agreed to by the parties, or unless the deponent is testifying in a non-English language and a translator is being used.  If testimony is given in a non-English language, the deposition time shall be counted at 0.50 hours, but will count as one deposition that may continue beyond one day.  The Defendant Groups shall

coordinate to conduct one consolidated deposition of any of Plaintiffs' witnesses or any third party in one location at one time—each witness may be deposed only once by the Defendant Groups. In the event a Defendant Group is using additional deposition time on Non-Common Discovery topics, such time shall be used after the conclusion of the deposition of the witness on Common Discovery topics. The Parties agree to meet and confer where the amount of deposition time on Non-Common Discovery topics may necessitate scheduling deposition hours for an additional day. The time limits in this section apply regardless of whether the witness is being deposed in an individual capacity, as a Fed. R. Civ. P. 30(b)(6) designee, or both. Nothing contained in this section pertaining to third party contractual affiliates shall be construed as a party consenting to a deposition of said third party contractual affiliates or an agreement to accept notice of a deposition on behalf of said third party contractual affiliates. The foregoing limits may be changed by an agreement of the parties or an order of the Court upon a showing of good cause.

ii.    Expert Deposition Limits. Each deposition of an expert witness shall be limited to one day of seven hours, except that if an expert witness is testifying about both patent validity and infringement, then the parties will meet and confer to discuss extending the time for the deposition of such an expert. These limits may be extended by agreement of the parties or order of the Court for good cause, including if an expert is testifying about multiple parties' products.

iii.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or subject to agreement among the parties. The parties shall meet and confer regarding the use of remote or virtual depositions

8

and the procedures for deposing individuals residing overseas. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

iv.    International Depositions.  In order to allow the Parties sufficient time to plan for any international depositions, each side must notify the other Parties by **December 18, 2025** as to status, location, and availability of witnesses located abroad, and on whom the parties intend to rely and/or are identified in the Parties' respective Rule 26(a) disclosures, including inventors of the asserted patents, for any international deposition.

(g)    Disclosure of Expert Testimony.

i.    Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **February 4, 2027**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, and Plaintiffs' disclosure of expert testimony for objective indicia of non-obviousness are due on or before **April 1, 2027**.  Reply expert reports from the party with the initial burden of proof, and from Defendants on the issue of objective indicia of non-obviousness, are due on or before **May 6, 2027**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the final round of expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.    Expert Report Supplementation.  The parties will agree to permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions), so long as the declaration is within the scope of previously disclosed expert opinions.

      iii.      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **July 1, 2027**, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules.

      iv.      Expert Discovery Cut Off. All expert discovery in this case shall be initiated so that it will be completed on or before **June 17, 2027**.

      (h)      Discovery Matters and Disputes Relating to Protective Orders.

      i.      Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

      ii.      Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1. that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

      iii.      On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

      iv.      The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits,

declarations, affidavits, etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

v.    Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

10.    Motions to Amend / Motions to Strike.

(a)    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 9(h) above.

(b)    Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

11.    Claim and Prior Art Narrowing.  By **December 19, 2025**, the parties will meet and confer regarding a proposed schedule for narrowing the number of claims and prior art references to be asserted.

12.    Technology Tutorials.  Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

13.    Claim Construction Issue Identification.  On **January 13, 2026**, the parties in the above-captioned cases shall exchange a list of those claim term(s)/phrase(s) that they believe need construction, one for each of the sets of Orgovyx and Myfembree Actions.  On or before **January 27, 2026**, the parties shall respond to and provide their proposed construction for all term(s)/phrase(s). These documents will not be filed with the Court.  Subsequent to exchanging those lists, the parties in all above-captioned cases will meet and confer to prepare a Joint Claim

11

Construction Chart to be submitted on **June 25, 2026**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing. The parties shall file a status report with the Court on or before **July 1, 2026** to provide their joint or separate proposals regarding the procedures for claim construction briefing and a *Markman* hearing, and may request a status conference, if necessary.

14.     Claim Construction Briefing. The Plaintiffs shall serve, but not file, their opening brief, not to exceed 20 pages, on **August 6, 2026**. The Defendant Groups collectively shall serve, but not file, their answering brief, not to exceed 30 pages, on **September 3, 2026**. The Plaintiffs shall serve, but not file, their reply brief, not to exceed 20 pages, on **September 24, 2026**. The Defendant Groups collectively shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on **October 15, 2026**. No later than **October 22, 2026**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below. If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Agreed-Upon Constructions

II.     Disputed Constructions

      [TERM 1]

           1.      Plaintiff's Opening Position

           2.      Defendant Groups' Answering Position

           3.      Plaintiff's Reply Position

           4.      Defendant Groups' Sur-Reply Position

      [TERM 2]

           1.      Plaintiff's Opening Position

           2.      Defendant Groups' Answering Position

           3.      Plaintiff's Reply Position

           4.      Defendant Groups' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

15.     <u>Hearing on Claim Construction.</u>  Beginning at __**2:00 P.M.**__ on **November 12 , 2026**, the Court will hear argument on claim construction.  The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court.  The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim

construction order within sixty (60) days of the conclusion of the claim construction hearing.  If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

16.    Final Contentions.  By **May 21, 2026**, Plaintiffs shall serve final infringement contentions and Defendants shall serve final invalidity contentions.  By **June 18, 2026**, Plaintiffs shall serve final validity contentions, and Defendants shall serve final non-infringement contentions.

17.    Case Dispositive Motions.  Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in ANDA cases.

18.    Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19.    Motions *in Limine.*  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14

20.     <u>Pretrial Conference.</u>  The parties shall file a status report with the Court on or before **July 15, 2027** to provide their joint or separate proposals regarding trial and may request a status conference, if necessary.

On **September 20, 2027**, the Court will hold a pretrial conference in Court with counsel beginning at __**4:30 P.M.**__.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference.  In the pretrial order, the parties should set forth their proposal(s) on the order of trial as between the Orgovyx and Myfembree cases, including whether they propose that the cases be tried concurrently or sequentially.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments.  The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

21.     <u>Trial.</u>  This matter is scheduled for an **eight-**day bench trial beginning at 9:30 a.m. on **September 27, 2027**, with the subsequent trial days beginning at 9:00 a.m.   The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22.     <u>Post-Trial Briefing.</u>  The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

_Maryellen Noreika_____
The Honorable Maryellen Noreika
United States District Judge

15

| EVENT[2] | DEADLINE |
|---|---|
| Parties Serve Rule 26(a) Disclosures and Disclosures Pursuant to Paragraph 3 of Delaware's Default Standard for Discovery | Thursday, September 11, 2025 (except for Sandoz Inc., for which such Disclosures are due October 14, 2025) |
| Plaintiffs Identify Accused Products and Produce File Histories | Friday, August 22, 2025 |
| Parties File Proposed Protective Order | Thursday, September 11, 2025 |
| Defendants Produce Core Technical Documents | Monday, September 22, 2025 |
| Plaintiffs Serve Initial Claim Chart & Infringement Contentions | Wednesday, October 22, 2025 |
| Defendants Serve Initial Invalidity Contentions | Friday, November 21, 2025 |
| Substantial Completion of Document Production for Document Requests Served by October 23, 2025 | Thursday, December 18, 2025 |
| Meet and Confer Regarding Schedule for Claim and Prior Art Narrowing | Friday, December 19, 2025 |
| Initial Exchange of Claim Terms | Tuesday, January 13, 2026 |
| Deadline to Join Parties or Amend the Pleadings | Thursday, January 15, 2026 |
| Response to Exchanged Claim Terms and Exchange of Proposed Constructions | Tuesday, January 27, 2026 |
| Fact Discovery Deadline | Thursday, April 30, 2026 |
| Plaintiffs Serve Final Infringement Contentions; Defendants Serve Final Invalidity Contentions | Thursday, May 21, 2026 |
| Plaintiffs Serve Final Validity Contentions; Defendants Serve Final Non-Infringement Contentions | Thursday, June 18, 2026 |
| Parties File Joint Claim Construction Chart | Thursday, June 25, 2026 |
| Joint Status Report | Thursday, July 1, 2026 |
| Plaintiffs Serve Opening Claim Construction Brief | Thursday, August 6, 2026 |
| Defendants Serve Answering Claim Construction Brief | Thursday, September 3, 2026 |
| Plaintiffs Serve Reply Claim Construction Brief | Thursday, September 24, 2026 |
| Defendants Serve Sur-Reply Claim Construction Brief | Thursday, October 15, 2026 |
| Parties File Joint Claim Construction Brief and Technology Tutorial(s) | Thursday October 22, 2026 |
| Claim Construction Hearing | November 12, 2026 at 2:00 p.m. |
| Exchange of Opening Expert Reports | Thursday, February 4, 2027 |
| Exchange of Rebuttal Expert Reports | Thursday, April 1, 2027 |
| Exchange of Reply Expert Reports | Thursday, May 6, 2027 |
| Expert Discovery Deadline | Thursday, June 17 , 2027 |
| Objections to Expert Testimony Deadline | Thursday, July 1, 2027 |
| Joint Status Report | Thursday, July 15, 2027 |
| Pretrial Conference | September 20, 2027 at 4:30 p.m. |
| Trial (8-day bench) | Monday, September 27, 2027 |

2 The descriptions of events in this chart are for ease of reference only. To the extent there is any discrepancy between the description of an event in this chart and the description of the event in the body of the Scheduling Order, the description of the event in the body of the Scheduling Order governs.